UNITED STATES of America, Plaintiff–Appellee,

v.

James T. STRAUSER and Sidney L. Newell, Defendants–Appellants.

Nos. 92–1206, 92–1414.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1994.

Decided April 11, 1994.

Rehearing Denied May 31, 1994.

Rodger A. Heaton, Asst. U.S. Atty. (argued), Springfield, IL, for U.S.

George F. Taseff, Harold M. Jennings, Ronald L. Lewis (argued), Jennings, Novick, Taseff, Smalley & Davis, Bloomington, IL, for Sidney L. Newell.

Michael J. Costello (argued), Costello Law Office, Springfield, IL, for James T. Strauser.

Before POSNER, Chief Judge, and ESCHBACH and KANNE, Circuit Judges.

ESCHBACH, Circuit Judge.

In this consolidated direct appeal, James Strauser and Sidney Newell challenge the district court's application of the Sentencing Guidelines to their convictions for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. They assert that the district court erred in its computation of the amount of cocaine attributable to them under the Sentencing Guidelines. We find that the district court properly calculated the amount of cocaine attributable to each defendant and affirm their sentences.

I.

For several years, James Strauser and Sidney Newell were involved in a cocaine distribution network in Springfield, Illinois. Their drug-related activities came to an unexpected end after Strauser's primary supplier, David Karr, began cooperating with the Drug Enforcement Agency ("DEA"). In November 1990, Strauser contacted Karr, interested in making a cocaine purchase. Karr arranged for Strauser to purchase cocaine from an undercover DEA agent. Newell, who had provided $4,000 for the purchase, accompanied Strauser to the motel where the deal was to take place and stood guard in the motel parking lot. After Strauser attempted to purchase a quarter of a kilogram from the undercover agent, he and Newell were arrested.

Both men were charged with three offenses: (1) conspiracy to distribute cocaine in

violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); (2) attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 2"); and (3) use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) ("Count 3"). Strauser pled guilty to Counts 1 and 3 and cooperated with the government. In exchange, the government dismissed Count 2. Newell pled not guilty and went to trial. A jury convicted Newell on Count 1 but found him not guilty on Counts 2 and 3.

The primary issue at both defendants' sentencing was the amount of cocaine for which each defendant was accountable. The district court determined that Strauser was responsible for 11.5 kilograms of cocaine and assigned him a base offense level of 32. The court granted Strauser a two-point downward departure for Strauser's assistance to the government and sentenced him to 144 months' incarceration—consecutive sentences of 84 months on Count 1 and 60 months on Count 3—followed by five years' supervised release. As for Newell, the district court found him responsible for 2.88 kilograms of cocaine and assigned him a base offense level of 28. After granting the government's request for two-point upward departure for obstruction of justice, the district court sentenced Newell to 120 months' imprisonment followed by five years' supervised release. Both Strauser and Newell filed timely appeals.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

■ The primary issue on appeal is whether the district court correctly calculated the amount of cocaine attributable to each defendant under the Sentencing Guidelines.[2] A sentencing court's conclusion as to the amount of cocaine involved in an offense is a factual finding which we review for clear error. *United States v. Cea*, 963 F.2d 1027, 1030 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 281, 121 L.Ed.2d 208 (1992). We will reverse the district court's quantity determination only if after reviewing the entire record, we are left with the firm and definite conviction that a mistake has been made. *United States v. Cagle*, 922 F.2d 404, 406 (7th Cir.1991).

■ Both Strauser and Newell were convicted of conspiring to distribute five kilograms or more of cocaine. Under Sentencing Guideline § 2D1.4(a), if a defendant is convicted of a conspiracy involving a controlled substance, the offense level is the same as if the object of the conspiracy had been completed. A sentence for cocaine distribution is determined by first calculating the quantity of drugs involved in the offense and then assigning a base offense level corresponding to the drug quantity. U.S.S.G. § 2D1.1(a)(3).

■ To calculate the quantity of drugs for which a given defendant is accountable, the Sentencing Guidelines require the district court to consider the "relevant conduct" of the defendant. Relevant conduct is defined, in part, as "all acts and omissions committed or aided or abetted by the defendant, or for which the defendant would be otherwise accountable." U.S.S.G. · § 1B1.3(a). Application Note 1 to Sentencing Guidelines § 1B1.3(a) clarifies the breadth of the relevant conduct a sentencing judge should consider. It provides:

> In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, *the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defen-*

---

1. Strauser appeals only his sentence for the conspiracy charge. His conviction on Count 3, use of a firearm in relation to a drug trafficking crime, carried a mandatory sentence of five years' imprisonment consecutive to any other term of imprisonment.

2. The district court sentenced Strauser and Newell on January 21, 1992 and February 10, 1992, respectively under the Guidelines effective as of November 1, 1991. We review their sentences under the Guidelines in effect at the time of sentencing. See 18 U.S.C. § 3742(e)(2); *United States v. Edwards*, 945 F.2d 1387, 1391 (7th Cir.1991), *cert. denied sub nom.,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 308 (1992).

*dant. . . .* Where it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level. . . . (Emphasis supplied.)

With this background, we turn to the arguments presented on appeal.

## A. *James Strauser*

■ Strauser admits to having been in a long-term conspiracy with David Karr to distribute cocaine. Strauser was Karr's primary distributor. Strauser's pre-sentence report ("PSR") concluded that Strauser was responsible for the cocaine Karr distributed to him personally and to others, approximately 11.5 kilograms in all. The district court adopted this finding and assigned Strauser a base offense level of 32 for distributing between 5 and 15 kilograms of cocaine.

On appeal, Strauser contends that the district court's finding that he was accountable for the cocaine Karr distributed was clearly erroneous. He argues that his conspiracy with Karr was limited in scope and that he could not reasonably foresee the "large quantity of cocaine for which he was sentenced." Therefore, he argues he should only have been accountable for the cocaine Karr sold directly to him for distribution, approximately 3 kilograms.[3]

This contention is without merit. Strauser's PSR belies the notion that Strauser was merely a retailer for Karr or that Strauser could not reasonably foresee the amounts of cocaine Karr was distributing. In January 1990 when Karr's supplier, Louis Isirov, threatened to withhold delivery of a 60–ounce cocaine shipment until Karr had more money, Strauser helped Karr collect on drug debts over a two-day period to pay for the cocaine. In February 1990, after the police discovered a kilogram of cocaine in a car registered to Strauser, Karr and Strauser fled the Springfield area together and sought

help from Isirov, Karr's supplier. They then fled to Florida and arranged a $100,000 marijuana deal. Additionally, on several occasions Strauser told Karr that he could arrange for a new supply of cocaine if Karr's usual supply ever dried up. In sum, the PSR verifies Strauser's role in the larger conspiracy with Karr and Karr's associates. Additionally, the facts demonstrate that Strauser assisted or offered assistance to Karr to maintain Karr's cocaine supply and thereby maintain Karr's distribution network which included himself and others. The district court did not err in finding Strauser responsible for the entire amount of cocaine Karr distributed.

■ Strauser also contends that we must remand his case for resentencing because the district court failed to offer sufficient reasons for its determination of the quantity of cocaine for which he was accountable. We disagree with Strauser's contention for two reasons. First, contrary to Strauser's assertions, the district court did offer an adequate explanation for its determination. The court pointed to the bases on which it concluded that Strauser was involved in a broader conspiracy to distribute cocaine and that he could reasonably foresee all of Karr's distribution activities. From this determination the court fixed the amount of cocaine for which Strauser was accountable. Second and more importantly, at sentencing the district court specifically asked if there were any objections to its fact-findings. Strauser's counsel stated that he had none. Given Strauser's failure to object, Strauser has waived any argument regarding insufficient fact-finding. *United States v. Mojica,* 984 F.2d 1426, 1444 (7th Cir.), *cert. denied sub nom.,* —— U.S. ——, 113 S.Ct. 2433, 124 L.Ed.2d 653 (1993); *see also United States v. Caicedo,* 937 F.2d 1227, 1236 (7th Cir.1991) (holding that when a defendant fails to object to the district court's explanation at the time of sentencing, he waives his objection to adequacy of the district court's fact-finding and is not entitled to resentencing).

---

**3.** At sentencing, Strauser claimed the district court should only hold him responsible for 40 ounces of cocaine. On appeal, he now concedes that Karr distributed approximately 3 kilograms of cocaine to him.

## B. *Sidney Newell*

██ Newell was one step below Strauser in the cocaine distribution network. Newell bought cocaine from Strauser for distribution to Newell's clients and occasionally supplied cocaine to Strauser when Strauser had difficulty obtaining cocaine from Karr. At other times, Newell allowed Strauser to store cocaine at Newell's house, assisted Strauser in packaging and selling cocaine, and fronted Strauser money for the purchase of drugs. Newell's PSR concluded that Newell was part of a conspiracy with Strauser, Karr, and their sources but was accountable only for the cocaine Strauser distributed to him and to others, approximately 3 kilograms in all. The district court accepted the PSR's determination and assigned Newell a base offense level of 28 for distributing between 2 and 3.5 kilograms of cocaine.

On appeal Newell argues that "not one shred of evidence" establishes that he knew of or reasonably foresaw the quantities of cocaine Strauser, Karr, and others distributed through the course of the conspiracy. Therefore, he argues that the district court committed clear error by holding him accountable for all of cocaine Strauser distributed. Newell contends that he was nothing but a "bit player" who occasionally purchased cocaine from Strauser and thus he should have been sentenced based on the amount he purchased from Strauser, approximately a half a kilogram. This argument is without merit. The district court's conclusion that Newell was not simply a purchaser of cocaine from Strauser but instead assisted Strauser in Strauser's overall effort to distribute cocaine is well-supported by the facts in the record. Newell's broader involvement in the distribution conspiracy and his assistance to Strauser to further Strauser's distribution efforts fully warrant his sentence.

### III.

For the foregoing reasons, we AFFIRM the sentences of James Strauser and Sidney Newell.